

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charles H. Theobald
County Attorney
Galveston County
Galveston, Texas

Dear Sir:                              Opinion No. O-5095

Re: Authority of School Board
to adopt an order relieving
tax rolls of all taxes which
are delinquent for more than
ten years.

We have your recent request for an opinion on the
following question which we quote from your letter:

"Will you kindly advise me if the Board
of Trustees of the Texas City Independent School
District has authority to adopt an order canceling
out and relieving the tax rolls of the district of
all taxes of the district which are delinquent for
more than ten (10) years."

Article 7298, V.A.C.S. reads as follows:

"Limitation not available. That no delinquent
taxpayer shall have the right to plead in any Court
or in any manner rely upon any Statute of Limitation
by way of defense against the payment of taxes due
from him or her to the State; or any county, city,
town, Navigation District, Drainage District, Road
District, Levee District, Reclamation District,
Irrigation District, Improvement District, School
District and all other Districts; provided, that
no suit shall be brought for the collection of
delinquent taxes of a School District or Road

Honorable Charles K. Theobald, Page 2.

District unless instituted within ten years from
the time the same shall become delinquent. (Under-
scoring ours).

This department held in its Opinion No. O-3315, a
copy of which is enclosed, that the above statute is one of
limitation. It follows that the statute of limitation does not
extinguish the tax debt. See our Opinion No. O-1456, a copy of
which is enclosed.

We have been unable to find any statute which speci-
fically relates to the method and manner of the preparation
of a delinquent tax roll for an independent school district.
Article 7337, V. A. C. S., provides:

"Any incorporated city or town or school
district shall have the right to enforce the
collection of delinquent taxes due it under
the provisions of this chapter. Acts 1897, p.
132; G. L. vol. 10, p. 1186."

Article 7343, V. A. C. S., provides as follows:

"In any incorporated city or town in which any
tracts, lots, outlots or blocks of land, situated
within the corporate limits of said city or town have
been returned delinquent, or reported sold to said
city or town for the taxes due thereon, the govern-
ing body may prepare or cause to be prepared lists
of delinquents in the same manner as provided in
this chapter, and such lists shall be certified to
as correct by the mayor of said city or town, if any,
and if said city or town has no mayor, by the pre-
siding officer of the governing body. After said
lists have been properly certified to, the governing
body of the city may cause lists of delinquents
to be published in a newspaper as provided for State
and county delinquent taxes in this law. When twenty
days from the date of last publication of said list or
lists of delinquents has elapsed, the governing body
of the city or town may direct the city attorney to
file suits for collection of said taxes, or said
governing body may employ some other attorney of

473

the county to file suits and the city attorney or other attorney filing said suits shall be entitled to the same fees as allowed the county attorney or district attorney in suits for collection of State and county taxes, to be taxed as costs in the suit. Independent school districts may collect their delinquent taxes as above provided for cities and towns, the school board performing the duties above described for the governing body of cities, and the president of the school board performing the duties above prescribed for the mayor or other presiding officer. The school board may, when the delinquent tax lists and records are properly prepared and ready for suits to be filed, instruct the county attorney to file said suits and he fails or refuses to do so within sixty days the school board may employ some other attorney of the countyto file suit. The county attorney, or other attorney, filing tax suits for independent school districts, shall be entitled to the same fees as provided by law in suits for State and county taxes. No other county officer shall receive any fees unless services are actually performed, and in that event he shall only receive such fees as are now allowed him by law for similar services in civil suits. The employment of an attorney to file suit for taxes for cities, towns or independent school districts shall authorize said attorney to file said suits, swear to the petitions and perform such other acts as are necessary in the collection of said taxes.

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts in so far as such laws are applicable. Id.; Acts 3rd C. S. 1920, p. 48; Acts 2nd C.S. 1923, p. 39."

By reason of the above two statutes, we quote Article 7336f, V. A. C. S. (S. B. 407, Acts 44th Leg. R. S. P. 355), as follows:

Honorable Charles H. Theobald, Page 4.

"Section 1. The collection of all delinquent, ad valorem taxes due the State, County, Municipality or other defined Subdivision that were delinquent prior to December 31st, 1919, is forever barred.

"Section 2. Any County having as many as two years' taxes delinquent which have not been included in the delinquent tax record, the Collector of taxes shall within two years from the effective date of this Act, cause to be compiled a delinquent tax record of all delinquent taxes not barred by this Act; the delinquent record shall be examined by the Commissioners' Court and the Comptroller or governing body, corrections may be ordered made, and when found correct and approved by them, payment for the compilation thereof shall be authorized at actual cost to the Tax Collector, proportionately from each the State and County taxes, or municipal taxes, first collected from such record, such cost in no case to exceed a sum equal to five (5¢) cents per item or written line of the original copy of such record and in no event shall any compiling cost be charged to the taxpayer. The delinquent tax record when approved, shall be prima facie evidence of the delinquency shown thereon, and when there shall be as many as two years of delinquency accumulated which are not shown on the record, a recompilation, or a two year supplement thereto shall then be made as herein provided. Tax Collectors shall cause to be compiled like records of taxes delinquent due any district for which they collect from tax rolls other than the State and county rolls, and when approved by the governing body of the particular district, the cost of same shall be allowed in the manner herein provided." (Underscoring ours).

Under the provisions of Article 7336f, supra, the Collector of taxes is required to list all delinquent taxes except those delinquent prior to December 31, 1919. It would appear that this statute is controlling of your question provided your independent school district was obligated to follow

Honorable Charles E. Theobald, Page 5.


it. Although we are somewhat doubtful as to the answer to
your question, due to the permissive and discretionary
provisions of Articles 7337 and 7343, supra, we are, never-
theless, of the opinion that the school district in question
must comply with the terms of Art. 7336f, supra. You will
notice in the last sentence of Section 2 of Article 7336f, su-
pra, that County Tax Collectors, who collect school taxes from
tax rolls other than State and county rolls, would have to com-
pile a delinquent tax roll including all delinquent school taxes
other than those delinquent prior to December 31, 1919. We do not
believe that the Legislature intended to require the compilation
of delinquent tax rolls for some school districts which tax rolls
contained all delinquent school taxes dating back to December
31, 1919 while other school districts could compile a delinquent
tax roll excluding therefrom all taxes delinquent for more than
ten years.

You are therefore advised that it is our opinion that
the Board of Trustees of the Texas City Independent School Dis-
trict has no authority to adopt an order canceling out and re-
lieving the tax rolls of the district of all taxes of the dis-
trict which are delinquent for more than ten years. This does
not apply to those taxes delinquent prior to December 31, 1919.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Lee Shoptaw*

Lee Shoptaw
Assistant

APPROVED APR 24 1943
ATTORNEY GENERAL OF TEXAS

LS:pm
Encl.

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN